IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-01877-RPM

DIANA ANDERSON,

                    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.

_____

ORDER VACATING JUDGMENT AND REVERSING DECISIONS DENYING
APPLICATIONS FOR SUPPLEMENTAL SECURITY INCOME
_____

        This civil action was initiated by a complaint filed pursuant to 42 U.S.C. §

405(g) seeking review of an Appeals Council's decision, dated July 19, 2007,

upholding decisions made by Administrative Law Judges, dated November 4,

2004, and October 2, 2006.  The administrative record filed was limited to the ALJ

decision of October 2, 2006, and the parties submitted briefs directed only to that

decision.  The subject of that decision was an application for SSI benefits filed on

December 2, 2004, which was asserted by the claimant's former counsel to be the

onset date.

        Upon review of the record, this Court entered an Order Affirming Denial

Decision on February 17, 2009, and judgment entered on that date.  The plaintiff

filed an appeal on April 20, 2009.  The Commissioner then submitted the

administrative record relevant to the November 4, 2004, ALJ decision and the

parties agreed to dismiss the appeal and submitted a joint motion for scheduling in this court on September 17, 2009, agreeing to the submission of briefs addressing the earlier decision.

Those briefs have now been filed and the Court has before it the full administrative record applicable to both decisions.  Because the decision which was affirmed by this Court's order of February 17, 2009, considered only the application of December 2, 2004, and did not re-open the earlier decision or review the claimant's history, it was fundamentally flawed.  The decision of November 4, 2004, was a determination that disability payments should be terminated because of medical improvement.  That determination is not supported by the record and is contrary to law.  Because the earlier decision must be reversed, this Court's decision and judgment has been undermined and must be vacated.

Diana Anderson has never been gainfully employed.  She began receiving Supplemental Security Income Disability payments beginning on January 1, 1978, due to mental illness.  In May, 1996, SSA found medical improvements of the mental health impairments but that she had severe impairments of obesity and degenerative joint disease in her spine meeting the severe impairments criteria for Listing 9.09(a) for obesity.  Disability payments continued.

The SSA then determined that due to medical improvement in her impairments, the claimant's disability ceased as of September 30, 2002.  That decision was the subject of the ALJ hearing held on April 13, 2004, at which Ms. Anderson appeared without a legal representative.  The result was the ALJ's decision of November 4, 2004.  At that hearing, Ms. Anderson said that she had

just been diagnosed with osteoarthritis by Dr. Fitzgerald.  The ALJ had no records

from Dr. Fitzgerald and said they would be obtained before the ALJ would make a

decision.  There was no meaningful testimony taken at the hearing.

In his decision, the ALJ found that the claimant had improved medically

despite her continued obesity because the evidence did not show that there was

ongoing seizure activity or treatment for pain.  The ALJ did refer to a March 4,

2004, report from Dr. Edward Fitzgerald to the claimant's treating physician, Dr.

Higgins, in which Dr. Fitzgerald assessed the claimant as having generalized

osteoarthritis.  (R. 624-625).  The diagnosis of arthritis was also shown in a bone

imaging study report, done March 23, 2004, with degenerative changes in the

knees and shoulders shown.  (R. 626).  The ALJ found that despite the obesity and

generalized osteoarthritis the claimant had the residual functional capacity for work

as a street sweeper, photo copy machine operator and video rental clerk.  (R.390).

That finding was apparently based on the testimony of a vocational expert at the

hearing which was not given in response to any adequate hypothetical question.

What is revealed by examination of the complete record is that after

recognizing this woman's disability from age 20 to age 43, the SSA terminated her

benefits on September 30, 2002, based on medical improvements which are not

shown in the record and that termination was approved by an ALJ after what can

only be considered a perfunctory hearing.  The decision is not supported by the

evidence.  The second decision ignored all of this history and reviewed the

claimant from the perspective of a claim of disability first made on December 2, 2004.  That was both procedural and factual error.

These denial decisions must now be reversed and it is incumbent upon the Commissioner to cause a new and complete review of Ms. Anderson's condition. It is difficult to understand how a woman who has never been able to obtain substantial gainful employment can now be considered to have the capacity to perform the jobs that these ALJ's considered.

It is now

ORDERED that the Order Affirming Denial Decision, entered in this court on February 17, 2009, is withdrawn and it is

FURTHER ORDERED that the Judgment entered thereon on February 17, 2009, is vacated and it is

FURTHER ORDERED that the decisions of Administrative Law Judges affirmed by the Appeals Council on July 19, 2007, are reversed and it is

FURTHER ORDERED that the Commissioner shall require a full review and evaluation of the eligibility of Diana Anderson for Supplemental Security Income Disability Benefits.

Dated:   February 1st, 2010.

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge

4